UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYOCERA INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> SEMCON IP, INC., <br><br> Defendant. | Case No.: 3:18-CV-1575-CAB-MDD <br><br> **ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** <br><br> [Doc. Nos. 12, 15] |

Defendant Semcon IP, Inc. ("Semcon") moves to dismiss the complaint of Plaintiff Kyocera International, Inc. ("Kyocera") for lack of personal jurisdiction and based on the first to file rule. The motion has been fully briefed, and the Court deems it suitable for submission without oral argument, so Semcon's request for oral argument is **DENIED**. As discussed below, because Semcon is not subject to personal jurisdiction in California for Kyocera's claims for declaratory relief of non-infringement of Semcon's patents, Semcon's motion to dismiss is **GRANTED**.

**I.   Background**

The Court is dismissing this lawsuit for lack of personal jurisdiction over Semcon, so only allegations and evidence relevant to that issue are included here. Kyocera seeks declaratory relief of non-infringement of four patents held by Semcon: U.S. Patent Nos.

7,100,061; 7,596,708; 8,566,627; and 8,806,247 (collectively, the "Patents"). Semcon is a Texas corporation with its principal place of business in Texas. With its motion, Semcon includes a declaration from Semcon's chief executive officer and sole employee stating that: (a) he resides in New York; (b) Semcon is not registered to do business in California; (c) Semcon does not have a registered agent for service of process in California; (d) Semcon does not have offices, employees, equipment, bank accounts or other assets in California; (e) Semcon does not manufacture products, sell products, or solicit business in California; (f) Semcon has never filed a lawsuit in California; and (g) Semcon's only efforts to enforce its rights under the Patents consist of lawsuits Semcon filed in the Eastern District of Texas. [Doc. No. 12-2.]

Kyocera does not dispute any of these facts in its opposition. Nevertheless, Kyocera's complaint alleges that the Court has personal jurisdiction over Semcon for three reasons:

1. Because Semcon has sought to enforce the Patents against at least two companies that maintain their principal places of business in California [Doc. No. 1 at ¶ 7];
2. Because Semcon has sought to enforce the Patents against at least three foreign companies whose subsidiaries have principal places of business in California [*Id.*]; and,
3. Because Semcon retained the services of a process server with a place of business in California to serve a complaint in another lawsuit concerning the Patents on a Taiwanese entity. [*Id.* at ¶ 8.]

In addition, in its opposition to the instant motion, Kyocera appears to contend that Semcon's appearances at two mediations before a Texas-based mediator concerning two infringement lawsuits Semcon filed in the Eastern District of Texas make Semcon subject to personal jurisdiction in this lawsuit because the mediations physically occurred in

California. [Doc. No. 13 at 7-8.]¹ Kyocera does not dispute, however, Semcon's argument in its motion that Semcon did not purposefully select California as the forum for these mediations. [Doc. No. 12 at 22-23.]

**II.     Legal Standards**

"Because the issue of personal jurisdiction in a declaratory action for patent invalidity and non-infringement is intimately related to patent law, personal jurisdiction . . . is governed by the law of this circuit."). *Silent Drive, Inc. v. Strong Indus., Inc.*, 326 F.3d 1194, 1201 (Fed. Cir. 2003).  Under Federal Circuit law, "[p]ersonal jurisdiction over an out-of-state defendant is appropriate if the relevant state's long-arm statute permits the assertion of jurisdiction without violating federal due process." *Nuance Comms., Inc. v. Abbyy Software House*, 626 F.3d 1222, 1230 (Fed. Cir. 2010) (quoting *3D Sys., Inc. v. Aarotech Labs, Inc.*, 160 F.3d 1373, 1376-77 (Fed. Cir. 1998)). "Under California's long-arm statute, California state courts may exercise personal jurisdiction 'on any basis not inconsistent with the Constitution of this state or of the United States.'" *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014) (quoting Cal. Civ. Proc. Code Ann. § 410.10 (West 2004)). Thus, "the jurisdictional analyses under state law and federal due process are the same.'" *Nuance Comms.*, 626 F.3d at 1230 (citing *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800-801 (9th Cir. 2004)).

Under the Due Process Clause of the Fourteenth Amendment, to exercise personal jurisdiction over an out-of-state defendant, the defendant must have "certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted)).  This minimum contacts jurisdiction may be either "general or all-purpose jurisdiction," or "specific or case-linked

---

¹ Citation to page numbers of ECF documents is to the ECF watermark page number at the top of the page.

jurisdiction." *Id.* at 919 (citing *Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408, 414 (1984). Regardless, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Avocent Huntsville Corp. v. Aten Int'l Co., Ltd.*, 552 F.3d 1324, 1329 (Fed. Cir. 2008) (quoting *Hanson v. Deckla*, 357 U.S. 253 (1958)).

Here, because the parties have not conducted discovery and there was no evidentiary hearing, Kyocera is only required to make a prima facie showing that Semcon is subject to personal jurisdiction. *See AFTG-TG, LLC v. Nuvoton Tech. Corp.*, 689 F.3d 1358, 1360 (Fed. Cir. 2012). The uncontroverted allegations in the complaint must be taken as true and factual conflicts must be resolved in Kyocera's favor. *Elecs. For Imaging, Inc. v. Coyle*, 340 F.3d 1344, 1349 (Fed. Cir. 2005). However, "bare formulaic accusations" that a defendant maintains sufficient contacts with the forum state are inadequate. *AFTG-TG*, 689 F.3d at 1365; *see also NuCal Foods, Inc. v. Quality Egg LLC*, 887 F.Supp. 2d 977, 988 (E.D. Cal. 2012) ("[T]he court need not consider merely conclusory claims, or legal conclusions in the complaint as establishing jurisdiction.").

### III. Discussion

Although Kyocera makes a conclusory allegation of general jurisdiction in the complaint, in its opposition, Kyocera contends only that Semcon is subject to specific personal jurisdiction in California. Specific jurisdiction is focused on the "relationship among the defendant, the forum, and the litigation." *Daimler AG*, 571 U.S. at 133. "To establish specific jurisdiction, a plaintiff must demonstrate that 'the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities.'" *Avocent*, 552 F.3d at 1330 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985) (internal quotation marks and citations omitted)). Along these lines, the Federal Circuit has set forth a three part test for determining whether specific personal jurisdiction satisfies due process in a patent case: "(1) whether the defendant 'purposefully directed' its activities at residents of

the forum; (2) whether the claim 'arises out of or relates to' the defendant's activities with the forum; and (3) whether assertion of personal jurisdiction is 'reasonable and fair.'" *Silent Drive*, 326 F.3d at 1202 (citing *Inamed Corp. v. Kuzmak*, 249 F.3d 1356, 1360 (Fed. Cir. 2001)). "The plaintiff has the burden of proving parts one and two of the test, and then the burden shifts to the defendant to prove that personal jurisdiction is unreasonable." *Grober v. Mako Prods, Inc.*, 686 F.3d 1335, 1346 (Fed. Cir. 2012).

Kyocera fails miserably at proving the first two parts of the test. "[I]n the context of an action for declaratory judgment of non-infringement, invalidity, and/or unenforceability . . . [t]he relevant inquiry for specific personal jurisdiction purposes [is] what extent has the defendant patentee 'purposefully directed [such enforcement activities] at residents of the forum,' and the extent to which the declaratory judgment claim 'arises out of or relates to those activities.'" *Avocent*, 552 F.3d at 1332-33 (quoting *Breckenridge Pharm., Inc. v. Metabolite Labs, Inc.*, 444 F.3d 1356, 1363 (Fed. Cir. 2006)). Although Kyocera need not be the forum resident to whom Semcon's enforcement activities are directed, to be subject to personal jurisdiction, Semcon must "have engaged in 'other activities' that relate to the *enforcement* or the *defense of the validity* of the relevant patents" in the forum beyond merely notifying a party who happens to be located there of suspected infringement. *Id.* at 1333-34 (*emphasis* in original). "Examples of these 'other activities' include initiating judicial or extra-judicial patent enforcement within the forum, or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business in the forum." *Id.* at 1334.

Kyocera offers no evidence that Semcon has engaged in any of these "other activities" in or directed to California. Instead, the California connection to Semcon's enforcement activities argued by Kyocera is unequivocally tangential and decidedly inadequate to justify the exercise of personal jurisdiction in this case. Semcon's enforcement efforts appear to be located exclusively in Texas. That two of the defendants in the twelve patent infringement lawsuits Semcon filed in Texas happen to have principal places of business in California is insufficient, without more, to satisfy Kyocera's

obligation to demonstrate that Semcon *purposefully directed* its enforcement activities at California.[2] *Cf. Walden v. Fiore*, 571 U.S. 277, 285 (2014) (stating that the "'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there" and that "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction"); *Adobe Sys. Inc. v. Tejas Research, LLC.*, No. C-14-0868 EMC, 2014 WL 4651654, at *5 (N.D. Cal. Sept. 17, 2014) (holding that "the fact that [the defendant] has pursued enforcement actions against California residents in the Eastern District of Texas does not support the exercise of personal jurisdiction of [the defendant] in California"); *Autonomy, Inc. v. Adiscov, LLC*, No. C 11-00420 SBA, 2011 WL 2175551, at *4 (N.D. Cal. June 3, 2011) ("[P]atent litigation commenced outside the forum is not probative of purposeful availment."); *Juniper Networks, Inc. v. SSL Servs., LLC*, No. C 08-5758 SBA, 2009 WL 3837266, at *4 (N.D. Cal. Nov. 16, 2009) (noting that the plaintiff's "argument that the act of filing a lawsuit against an alleged California resident—*in a Texas district court*—is sufficient to make a prima facie showing that it has purposefully availed 'itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws'" did not "make any logical sense") (*emphasis* in original) (quoting *Avocent*, 552 F.3d at 1329).

Kyocera's other arguments of minimum contacts with California—that several defendants in the Texas infringement actions have affiliates in California, that Semcon attended mediations in California for two of the Texas infringement actions, and that Semcon used an international process server with an office in California—are even

---

[2] Notably, in the complaints against the two entities with principal places of business in California, Semcon alleges that the companies' principal places of business are in Texas. [Doc. No. 13-4 at 2; Doc. No. 13-8 at 2-3.] Assuming Semcon's allegations were made in good faith, one could argue that Semcon cannot have *purposefully* directed its enforcement activities at California if it in fact believed the allegedly infringing entities to have been residents of the forum in which the complaint was filed. Either way, Semcon's lawsuits against these entities in a Texas forum do not support personal jurisdiction over Semcon here.

flimsier.  Kyocera offers no authority for the far-fetched proposition that Semcon directed enforcement activities at California because it has filed lawsuits in Texas against other alleged infringers who are not California residents themselves, but have affiliates in California.  Meanwhile, Semcon's use of a process server with a California office to serve a complaint in a Texas lawsuit on a foreign company is no more relevant to the determination of personal jurisdiction than if Semcon used a computer manufactured by a California company to draft the complaint itself.  Finally, Semcon presents unrebutted evidence that the mediations occurred in California solely as a result of the schedule of the Texas-based mediator who had mediated several of Semcon's other enforcement actions concerning the Patents in Texas.  [Doc. Nos. 12-3 at 3; Doc. No. 12-4.]  Such tenuous connections to California do not tip the scales in Kyocera's favor.

In sum, the California activities on which Kyocera relies do not support a finding that Semcon has ever purposefully availed itself of the privilege of conducting activities within California, thus invoking the benefits and protections of California laws.  *See Avocent*, 552 F.3d at 1329.  All of the contacts with California identified by Kyocera are merely ancillary to enforcement actions taken by Semcon in Texas.  Thus, Kyocera has not satisfied its burden of establishing personal jurisdiction over Semcon.

### IV.  Conclusion

For the foregoing reasons, Semcon is not subject to personal jurisdiction in California for the declaratory relief claims asserted in the complaint.[3]  Accordingly,

---

[3] In a footnote, Kyocera half-heartedly requests jurisdictional discovery based on unspecified "information and belief" that Semcon may have license agreements with California-based entities.  Ninth Circuit law applies to the issue of jurisdictional discovery. *Autogenomics*, *Inc. v. Oxford Gene Tech. Ltd.*, 566 F.3d 1012, 1021 (Fed. Cir. 2009).  Under Ninth Circuit law, "it is not necessarily an abuse of discretion to reject a request for jurisdictional discovery" when no formal motion is made, as is the case here.  *Id.* at 1022.  Regardless, Kyocera fails to justify the need for such discovery.  "Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008) (quoting *Data Disc., Inc. v. System Tech. Assoc., Inc.*, 557 F.2d 1280, 1285 n.1 (9th Cir. 1977)).  However, "where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery...."

Semcon's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **GRANTED,** and this case is **DISMISSED** without prejudice to refiling in a jurisdiction where Semcon is subject to personal jurisdiction.[4]

It is **SO ORDERED**.

Dated: October 19, 2018

Hon. Cathy Ann Bencivengo
United States District Judge

---

*Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir.1995)). In light of the attenuated facts and allegations on which Kyocera relies for its arguments of personal jurisdiction, the Court is not persuaded that jurisdictional discovery is warranted based on Kyocera's unsupported speculation as to what such discovery could reveal.

[4] In light of this holding, Semcon's motion to dismiss based on the first to file rule is **DENIED AS MOOT**.